## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF PUERTO RICO

**AWILDA VEGA-MORALES,**
Plaintiff,

       **v.**                                              **CIVIL NO. 04-1741 (DRD)**

**COMMISSIONER OF SOCIAL SECURITY,**
Defendant.

### OPINION & ORDER

Awilda Vega-Morales ("Plaintiff") filed an application for disability insurance and for disability insurance benefits on August 8, 2001 pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), alleging an inability to work since July 7, 1999.  The application was denied initially and again on reconsideration by the Social Security Administration.  On February 2, 2004, a hearing was held at which Plaintiff appeared represented by counsel.  On February 23, 2004, the Administrative Law Judge under a *de novo* standard of  review considered Plaintiff's claim and determined that Plaintiff was not disabled pursuant to 42 U.S.C. § 405(g).  Plaintiff then appealed to the Appeals Council which rejected the review of the ALJ's decision in the instant matter, thus rendering the ALJ's ruling as the final decision of the Commissioner of Social Security.

On July 21, 2004 Plaintiff filed the instant action under the Security Act appeals provision, 42 U.S.C. § 405.  (Docket No. 1).  On May 26, 2005, this Court referred this case to Magistrate Judge Gustavo A. Gelpi for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) Fed.R.Civ.P.72 (b), and Local Rule 72.1 (b). (Docket No. 9).  Magistrate Gelpi filed a Report and Recommendation ("RR") on June 10, 2005. (Docket No. 10).  In a thorough report the Magistrate recommended that defendant's benefits under Social Security be denied.  Plaintiff timely filed his

objection to the RR on June 23, 2005. (Docket No. 11).

The Magistrate correctly and clearly pointed out that any objections to the RR must be filed with the Clerk of Court within ten (10) days after being served with a copy thereof.  *See* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b).  Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).  *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised").  *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After conducting a *de novo* review of the record, the Court has found that the RR thoroughly and correctly addressed the issues presented by the plaintiff in her motion.  *See* Gioiosa v. United States, 684 F.2d 176 (1st Cir. 1982) (district court was required to make a *de novo* determination of those portions of magistrate's report objected to, which recommended that a habeas corpus petition

be denied); *but see* <u>Paterson-Leitch v. Massachusetts Elec.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988) ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal.  The rule does not permit a litigant to present new initiatives to the district judge.  We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In sum, the objections raised by plaintiff in her opposition to the RR fail to state any new facts or case law in support of her averments.  Thus, following the words of wisdom of the First Circuit Court of Appeals that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate," the Court **ADOPTS *in toto*** the Magistrate's excellent RR.  See <u>Lawton v. State Mut. Life Assur. Co. of Am.</u>, 101 F.3d 218, 220 (1st Cir. 1996).  *See* <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 989 F.2d 36, 38 (1st Cir. 1993) ("Where, as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate.").  The Court merely clarifies a few aspects worthy of explication.

Plaintiff objects the Magistrate's RR on the following grounds: 1) On the conclusion of the RR that the Magistrate expressed the claimant was disabled and then proceeded to recommend that the Commissioner's decision be affirmed; and 2) the RR does not specifically consider four of the five errors of law mentioned in the Plaintiff's Memorandum of Law - a) the claimant's residual functional capacity is not discussed in the body of the ALJ's decision and the RFC used was from a non-examining doctor instead of one from an examining doctor; b) the ALJ failed to establish wether the claimant has or does not have a severe medical condition; c) the ALJ found the claimants testimony not credible without reasoning; d) the ALJ failed to provide proper weight to the medical

3

reports from the treating sources; and e) the claimant's testimony and the medical evidence establish she was unable to perform her previous or any other job.

After a comprehensive study of the Magistrate's RR, the Court can only conclude that the Magistrate's expression that claimant was disabled constitutes a mere typographical error.   A complete reading of the RR plainly shows that the Magistrate, after analyzing the issues before him, reasoned that Plaintiff was **not** disabled.   In fact, the Magistrate expressly manifests "the ALJ properly concluded that Vega was **not** disabilitated under the Act" (*emphasis ours*) in the previous paragraph.   Therefore, the Court finds that the Magistrate clearly recommended the affirmance of the Commissioner's decision given  that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff continues raising Magistrate's error in not discussing that the ALJ based his conclusions on mental and physical Residual Functional Capacity assessments ("RFC") performed by non-examining physicians.   Plaintiff contends that in <u>Rivera-Figueroa v. S.H.H.S.</u>, 858 F.2d 48 (1st Cir. 1988) the First Circuit Court of Appeals stated that the Commissioner is obligated to use an RFC assessment performed by a treating physician.   However, the Court disagrees with Plaintiff's interpretation of the jurisprudence.   The Court interprets the cited case and other relevant case law herein expressed.   In <u>Rivera-Figueroa v. S.H.H.S.</u>, 858 F.2d 48 (1st Cir. 1988) the First Circuit Court of Appeals stated that an ALJ is not qualified to interpret medical data unaided by an RFC performed by a medical expert, even one from a non-treating physician.[1]   In <u>Rivera-Torres v.</u>

---

[1]   "As the case stands, the ALJ appears to have interpreted the medical data himself to conclude ... **we question the ALJ's ability to assess claimant's physical capacity unaided even by an RFC assessment from a nonexamining doctor**.  *See* <u>Rivera-Torres v. Secretary</u>, 837 F.2d 4, 7 (1st Cir.1988); <u>Berrios v. Secretary</u>, 796 F.2d 574, 576 (1st Cir.1986) (lay fact finders not competent to interpret and apply raw medical data)."  <u>Rivera-Figueroa v. S.H.H.S.</u>, 858 F.2d 48 (1st Cir. 1988).  (*Emphasis ours*).

S.H.H.S., 837 F.2d 4 (1st Cir. 1988) there was no RFC from any source, examining or non-examining.[2] Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991) is distinguished from the instant case in that the record of the unrepresented claimant (Heggarty) contained two RFCs from non-examining physicians, but no medical reports or records from the examining doctors.[3] Not in any of the referenced cases did the Court expressly specify that the RFC had to be performed specifically by a treating doctor. In fact, what the Circuit Court has determined is that referral to RFCs from non-examining physicians is a viable alternative, even if it is a less desirable one. More recently still, this Court affirmed the ALJ's conclusion based on RFCs from non-treating physicians to deny benefits to the claimant. Quintana v. Commissioner of Social Security,, 294 F.Supp.2d 146 (D.P.R. 2003), *affirmed at* 110 Fed.Appx. 142 (1st Cir. 2004):

> Although we have encouraged the Commissioner to obtain a residual functional capacity report from an examining consultant, Rivera-Torres v. Sec'y of HHS, 837 F.2d 4, 6 (1st Cir.1988), **reports from nonexamining, nontestifying consultants are "entitled to evidentiary weight, which 'will vary with the circumstances,' "** Berrios Lopez v. Sec'y of HHS, 951 F.2d 427, 431 (1st Cir.1991) (per curiam) (quoting Rodriguez, 647 F.2d at 223). Greater reliance on such reports is warranted where, as here, the nonexamining consultants, Hilario De La Iglesia, Ph.D., and Luis R. Vecchini, M.D., who prepared the mental residual functional capacity report,

---

[2] "Dr. Manana did not complete a residual functional capacity (RFC) questionnaire or indicate in lay terms in what manner claimant's back and other physical problems might limit his ability to sit, stand, lift, bend or perform other basic work activities ... Nor is there even any useful RFC from a nonexamining physician ... Rather, an explanation of claimant's functional capacity from a doctor is needed. *See* Berrios v. Secretary, 796 F.2d 574, 576 (1st Cir.1986) (Appeals Council not competent to interpret and apply raw medical data; case remanded as nothing intelligible to a lay person indicates claimant can sit, bend, or reach)." Rivera-Torres v. S.H.H.S., 837 F.2d 4 (1st Cir. 1988). (*Emphasis ours*).

[3] "It is plain that reports of Dr. Bixby's treatment of claimant would not be cumulative or irrelevant. Rather, such evidence would fill a gap in the record. **Other than the brief Lawrence General Hospital notes there is no evidence from a treating source** concerning the extent of claimant's eczema and how it presently responds to treatment ... Finally, good cause exists for a remand in this case. First, claimant was unrepresented at the hearing. This fact strengthens the ALJ's obligation to explore the issue. *See* Deblois v. Secretary of Health and Human Services, 686 F.2d 76, 81 (1st Cir.1982); cf. Currier, 612 F.2d at 598. Second, the ALJ specifically had informed claimant that he would arrange to obtain Dr. Bixby's records." Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991). (*Emphasis ours*).

reviewed the reports of examining and treating doctors before doing so and supported their conclusions with reference to medical findings. See <u>Berrios Lopez</u>, 951 F.2d at 431.

<u>Quintana v. Commissioner of Social Security,</u> *Id*.

As mentioned above, Plaintiff's Memorandum of Law alleges five errors of law, to wit: a) the claimant's residual functional capacity is not discussed in the body of the ALJ's decision and the RFC used was from a non-examining doctor instead of one from an examining doctor; b) the ALJ failed to establish wether the claimant has or does not have a severe medical condition; c) the ALJ found the claimants testimony not credible without proper reasoning; d) the ALJ failed to provide proper weight to the medical reports from the treating sources; and e) the claimant's testimony and the medical evidence establish Plaintiff was unable to perform her previous or any other job.  Although Plaintiff mentions them  separately, all five errors can be summarized into two categories - that the ALJ did not explain, detail or substantiate his decision in one way or another; and ALJ's alleged erroneous interpretation of the evidence before him.

The Court disagrees with both arguments.  On the contrary, in his decision, the ALJ found that Plaintiff had high blood pressure, musculosketal involvement of cervicolumbar spine and hands, and an affective disorder.  (Tr. 16, 18).  Notwithstanding, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet or medically equal one of the impairments listed in the Commissioner's Listing of Impairments.  20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16, 18).  Considering several factors, including her impairments, the extensive medical evidence and the RFC assessments, the ALJ determined that Plaintiffs limitations did not preclude her from performing her past work as a sewing machine operator.  (Tr. 19).  Given these facts, the ALJ ruled the claimant was not disabled within the definition of the Social Security Act.

Magistrate Gelpi correctly found that, although the objective evidence of record established the presence of medical impairments which could reasonably be expected to cause the alleged symptoms (high blood pressure, musculosketal involvement of cervicolumbar spine and hands, and an affective disorder), they were not to the extent that Plaintiff was disabled.  In fact, Magistrate Gelpi supports the ALJ's finding that the claimant's conditions could be expected to result in pain and discomfort, but not of such disabling frequency and intensity as to prevent her from lifting and carrying a maximum of 50 pounds occasionally and 20 pounds frequently, and from otherwise functioning normally in non-complex or stressful mental functions.

The medical evidence reveals Plaintiff underwent several medical tests, including X-rays, an electromyogram (EMG) and CT scans.  The X-rays showed that the hands and cervical spine were normal, but that the lumbosacral spine and the dorsal spine suffer from mild dorsolumbar scoliosis and muscle spasms.  (Tr 147).  The EMG was interpreted as normal with no incidence of carpal tunnel syndrome.  (Tr. 145).  The CT scans revealed minimal abnormalities and no deinitive herniation was identified.  (Tr. 135).  In October 2001, Dr. Oscar E. Ramos Roman indicated that Vega suffered from severe muscle spasms, but that motor strength was normal and no other abnormalities were identified.  (Tr. 162-165).  Dr. Melvin Acosta Ruiz evaluated Plaintiff and found her to be normal in all respects.  In January 2002, Dr. Edgar C. Hernandez Viera performed a neurological consultative evaluation of Plaintiff.  He diagnosed Vega as having chronic low back and neck pain, and lumbosacral and cervical strain. (Tr. 185-192).  Another EMG performed in May 2003 reveled no evidence deterioration of carpal tunnel syndrome.  (Tr. 221-222).  These findings were further supported by Residual Functional Capacity assessments performed by Dr. Acisclo M. Marxuach (Tr. 213-220) and by Dr. Jose R. Pesquera Garcia (Tr. 220).

Therefore, Magistrate Gelpi correctly agreed with the ALJ's finding that the claimant has the residual functional capacity (RFC) which takes into consideration both the physical and the mental alleged impairments to perform the physical demands of light work that requires lifting and carrying 50 pounds occasionally and 20 pounds frequently; and stand and walk for five hours and sit for six hours in an eight-hour work period.  Thus, both the ALJ & Magistrate Gelpi were correct when reaching the conclusion that the claimant can perform simple, routine and repetitive tasks in a sustained manner notwithstanding, the alleged physical and mental impairments.

Lastly, treating physicians "are not entitled to greater weight merely because they were treating physicians" as compared with a consulting physician's opinion.  (Dr. Melvin Velazquez's medical report).  Rodriguez Pagan v. Sec. of Health & Human Services, 819 F.2d 1, 3 (1ˢᵗ Cir. 1987).

As stated above, the standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence based on the record as a whole. 42 U.S.C. §§ 405(g), 1383(c)(3).  In reviewing the record for substantial evidence, the Court is guided by the mandate that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." Richardson v. Perales, 402 U.S. 389, at 399 (1971). The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary, not for the doctors or for the reveiwing Courts. Id.; see also Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1ˢᵗ Cir. 1981); Rodriguez, 647 F. 2d at 222; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1ˢᵗ Cir. 1975) (per curiam). While the Court understands that the evidence of record does establish that Vega suffered from a series of impairments, the ALJ's conclusion is found to be supported by substantial evidence of the record as a whole (the claimant has an RFC wherein there are a number of jobs she could perform in the

local economy).

The ALJ has provided explicit and detailed findings in support of his conclusions, allowing this Court to determine that the ALJ's decision is in fact supported by substantial evidence on the record as a whole.  The ALJ determined that claimant failed to establish an impairment severe enough to preclude her from engaging in substantial gainful activity prior to the expiration of his coverage.

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate" as to the instances alleged as errors by plaintiff.  The alleged infirmities were all correctly analyzed with specific references to the record by the Magistrate Judge.  *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d at 220.  "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."  In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d at 38. Wherefore, the Court **ADOPTS *in toto*** the Magistrate's RR.  Henceforth, the Commissioner of Social Security's determination is **AFFIRMED**.  Judgment will be entered accordingly.


**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th of July 2005

                              **S/ DANIEL R. DOMINGUEZ**
                               **DANIEL R. DOMINGUEZ**
                                **U.S. District Judge**